FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 06 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

REGINA ROBINSON,
    PLAINTIFF,

v.

Case No. 2:17cv153-BRW

G. A. GROUP LLC d/b/a GARRISON ACQUISITION GROUP,
FIRST QUALITY FINANCIAL SERVICES LLC,
JOVA CONSULTING, INC., and
JOHN VASCONCELLOS, individually,
    DEFENDANTS

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

## COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") and the and the State of California Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), California Civil Code at §§ 1788, et seq. by G. A. Group LLC d/b/a Garrison Acquisition Group ("G. A. Group"), First Quality Financial Services LLC ("First Quality"), Jova Consulting, Inc. ("Jova") and John Vasconcellos ("Vasconcellos").

2. G. A. Group, First Quality, Jova and Vasconcellos are subject to the collection laws of the state of California because each were located in the state of California at all times relevant hereto and their actions were directed at Plaintiff from their location in California.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

1

5. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiffs reside in this State and this District.

## PARTIES

6. Plaintiff Regina Robinson ("Plaintiff") is a natural person, who at all relevant times resided in Phillips County, Arkansas, and thus is a "person" as that term is defined by California Civil Code § 1788.2(g).

7. G. A. Group is a Delaware LLC with principal offices situated at 6 Centerpointe Dr., Suite 700, La Palma, CA 90623, according to its most recent filing with the California Secretary of State.

8. G.A. Group may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, or in accordance with California or Arkansas law.

9. First Quality Financial Services LLC is a Delaware LLC with principal offices situated at 495 E. Rincon St., Suite 205, Corona, CA 92879, according to its most recent filing with the California Secretary of State.

10. First Quality may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, or in accordance with California or Arkansas law.

11. Jova is a California LLC with principal offices situated at 11711 Collett Ave #1031, Riverside, CA 92505, according to its most recent filing with the California Secretary of State.

12. Jova may be served through its registered agent, Robert Bruce, at 4549 Francis Ave., Chino, CA 91710, or in accordance with California or Arkansas law.

13. Vasconcellos is a natural person, believed to be residing at 3130 Vista Terrace, Riverside, CA 92503.

14. Vasconcellos may be served wherever he may be found in accordance with California or Arkansas law.

15. Vasconcellos is a managing member of defendants G. A. Group, First Quality and Jova.

## FACTUAL ALLEGATIONS

16. Plaintiffs are or were allegedly obligated on an old medical account ("Account"). The Account was for personal medical services administered to Plaintiff or Plaintiff's family in approximately 2007 for personal or family purposes. The Account originated with an entity other than any of the defendants and went into default prior to being sold or otherwise transferred to defendants for collection.

17. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and by Cal. Civ. Code § 1788.2(d) and constitutes a "consumer debt" as that term is defined by Cal. Civ. Code §1788.2(f).

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

20. The principal purpose of G. A. Group is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

21. G. A. Group regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

22. G. A. Group is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. G. A. Group, in the ordinary course of business, regularly, and on behalf of itself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

24. Because G. A. Group engages in "debt collection", G. A. Group is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

25. The principal purpose of First Quality is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

26. First Quality regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

27. First Quality is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

28. First Quality, in the ordinary course of business, regularly, and on behalf of itself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

29. Because First Quality engages in "debt collection", First Quality is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

30. During all times pertinent hereto, First Quality directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this complaint via its ownership of G. A. Group and by setting the policies and procedures for G. A. Group and its agents.

31. The principal purpose of Jova is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

32. Jova regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

33. Jova is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

34. Jova, in the ordinary course of business, regularly, and on behalf of itself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

35. Because Jova engages in "debt collection", Jova is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

36. During all times pertinent hereto, Jova directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this complaint via its ownership of Jova and by setting the policies and procedures for Jova and its agents.

37. Vasconcellos actively manages G. A. Group, First Quality and Jova and directs the policies of those companies.

38. At all times relevant hereto, Vasconcellos directed the employees and agents of the other defendants to act in the manner they acted as described below when attempting collections from Plaintiff.

39. Vasconcellos regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Vasconcellos uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

40. Vasconcellos is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

41. Vasconcellos, in the ordinary course of business, regularly, and on behalf of himself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

42. Because Vasconcellos engages in "debt collection", Vasconcellos is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

43. During the one year prior to the date of the filing of this Complaint, G. A. Group and/or representative(s), employee(s) and/or agent(s) of G. A. Group used telecommunications to communicate with Plaintiff about the Account in order to collect the Account.

44. In one such communication, on approximately December 4, 2016, G. A. Group communicated with Plaintiff on the telephone about the Account and told plaintiff that if the account was not paid she would go to jail and/or that she would lose her license for three years and/or that she would lose her house.

45. On or about December 5, 2016, G. A. Group sent a written correspondence to Plaintiff which stated the it had "been retained" to collect the Account.

46. G. A. Group said the things it said for the purpose of causing Plaintiff to believe that she had been sued or immanently would be sued on the Account if it was not paid, and that G. A. Group had involuntary options available to it for enforcement of any judicial decision it received on the Account.

47. G. A. Group's conduct would cause the least sophisticated consumer to believe that she had been sued or immanently would be sued on the Account if it was not paid, and that G. A. Group had involuntary options available to it for enforcement of any judicial decision it received on the Account.

48. Plaintiff believed that she had been sued or immanently would be sued on the Account if it was not paid, and that G. A. Group had involuntary options available to it for enforcement of any judicial decision it received on the Account.

49. Plaintiff made a payment of approximately $200 on the Account in order to avoid the horrors with which G. A. Group threatened her.

50. G. A. Group did not, in any communication with Plaintiff, inform Plaintiff that it was a debt collector.

51. G. A. Group did not, in its first communication with Plaintiff, inform Plaintiff that the communication was an attempt to collect a debt and that any information obtained would be used for the purpose of debt collection.

52. G. A. Group did not ever provide Plaintiff with the notices of her right to dispute the debt or to request validation of the debt as required in 15 U.S.C. § 1692g.

53. At the time the statements by G. A. Group regarding the filing of a lawsuit were made, and as of the filing of this complaint, no lawsuit had been filed against Plaintiff on the account and there was no intention of doing so.

...

54. The statements made to Plaintiff by G. A. Group during its campaign to coerce payment on the account as detailed in the above paragraphs were false, deceptive and misleading.

55. In all of the written and oral communications between Plaintiff and G. A. Group, G. A. Group failed to provide meaningful disclosure of its identity.

56. All of the conduct by G. A. Group described above was done knowingly and willfully.

57. G. A. Group's purpose for the communications with Plaintiff described above was to attempt to collect the accounts.

58. G. A. Group's purpose for all of the communications with Plaintiff described above was to attempt to collect the Account.

59. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiff.

60. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

61. The only reason that G. A. Group and/or representative(s), employee(s) and/or agent(s) of G. A. Group made telephone call(s) to, had telephone conversation(s) with and left message(s) for Plaintiff was to attempt to collect the Account.

62. The conduct of G. A. Group as described above was done knowingly and willfully and purposefully.

63. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

64. The representative(s) and/or collector(s) at G. A. Group were employee(s) and/or agent(s) of G. A. Group at all times mentioned herein.

65. The representative(s) and/or collector(s) at G. A. Group were acting within the course and/or scope of their employment at all times mentioned herein.

66. The representative(s) and/or collector(s) at G. A. Group were under the direct supervision and/or control of G. A. Group at all times mentioned herein.

67. The actions of the representative(s) and/or collector(s) at G. A. Group are imputed to their employer, G. A. Group.

68. First Quality exerted influence and control over G. A. Group, via ownership, and directed G.A Group and G. A. Group's employees and agents to act in the ways described above when G. A. Group attempted its collections from Plaintiff.

69. First Quality is liable to Plaintiff for the violations of G. A. Group and G. A. Group's employees and agents.

70. Jova exerted influence and control over G. A. Group, via ownership, and directed G.A Group and G. A. Group's employees and agents to act in the ways described above when G. A. Group attempted its collections from Plaintiff.

71. Jova is liable to Plaintiff for the violations of G. A. Group and G. A. Group's employees and agents.

72. Vasconcellos exerted influence and control over G. A. Group, via ownership, and directed G.A Group and G. A. Group's employees and agents to act in the ways described above when G. A. Group attempted its collections from Plaintiff.

73. Vasconcellos is liable to Plaintiff for the violations of G. A. Group and G. A. Group's employees and agents.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY G. A. GROUP LLC d/b/a GARRISON ACQUISITION GROUP

74. The previous paragraphs are incorporated into this Count as if set forth in full.

75. The act(s) and omission(s) of G. A. Group and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

76. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from G. A. Group.

### COUNT II:  VIOLATIONS OF THE CALIFORNIA CIVIL CODE
### BY G. A. GROUP LLC d/b/a GARRISON ACQUISITION GROUP

77. The previous paragraphs are incorporated into this Count as if set forth in full.

78. The act(s) and omission(s) of G. A. Group and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and §1788.13(a)&(b)&(h)&(i)&(j).

79. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from G. A. Group.

### COUNT III:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY FIRST QUALITY FINANCIAL SERVICES LLC

80. The previous paragraphs are incorporated into this Count as if set forth in full.

81. The act(s) and omission(s) of First Quality and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

82. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from First Quality.

### COUNT IV:  VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY FIRST QUALITY FINANCIAL SERVICES LLC

83. The previous paragraphs are incorporated into this Count as if set forth in full.

84. The act(s) and omission(s) of First Quality and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and §1788.13(a)&(b)&(h)&(i)&(j).

85. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from First Quality.

### COUNT V:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JOVA CONSULTING, INC.

86. The previous paragraphs are incorporated into this Count as if set forth in full.

87. The act(s) and omission(s) of Jova and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

88. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Jova.

### COUNT VI:  VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY JOVA CONSULTING, INC.

89. The previous paragraphs are incorporated into this Count as if set forth in full.

90. The act(s) and omission(s) of Jova and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and §1788.13(a)&(b)&(h)&(i)&(j).

91. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from Jova.

### COUNT VII: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JOHN VASCONCELLOS

92. The previous paragraphs are incorporated into this Count as if set forth in full.

93. The act(s) and omission(s) of Vasconcellos and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

94. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Vasconcellos.

### COUNT VIII: VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY JOHN VASCONCELLOS

95. The previous paragraphs are incorporated into this Count as if set forth in full.

96. The act(s) and omission(s) of Vasconcellos and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and §1788.13(a)&(b)&(h)&(i)&(j).

97. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from Vasconcellos.

### JURY TRIAL DEMAND

98. Plaintiffs are entitled to and hereby demand a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

99. Judgment in favor of Regina Robinson and against G. A. Group as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    e. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

    f. Such other and further relief as the Court deems just and proper.

100.     Judgment in favor of Regina Robinson and against First Quality Financial Services LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    e. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

    f. Such other and further relief as the Court deems just and proper.

101.     Judgment in favor of Regina Robinson and against Jova Consulting, Inc. as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

  d. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

  e. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

  f. Such other and further relief as the Court deems just and proper.

102. Judgment in favor of Regina Robinson and against John Vasconcellos as follows:

  a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

  b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

  c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

  d. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

  e. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

  f. Such other and further relief as the Court deems just and proper.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Respectfully submitted,

COOK LAW FIRM, P.A.

_____
Jeffrey D. Wood, AR Bar No. 2006164
14524 Cantrell Rd.
Suite 140-PMB 208
Little Rock, AR 72227
Telephone: (682)651-7599
Facsimile: (888) 598-9022
jeff@mmlaw.pro

and

Harold F. Cook, AR Bar No. 99118
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
Telephone: (501) 255-1500
Facsimile: (501) 255-1116
hal@attorneyhalcook.com

ATTORNEYS FOR PLAINTIFF